IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

FEB - 9 2011

CLERK, U.S. DISTRICT CO
ALEXAN

| | |
|---|---|
| Marvin Maurice Parker, II, | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:10cv442 (LMB/TRJ) |
| | ) |
| Gene M. Johnson, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Marvin Maurice Parker, II, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

of second degree murder entered on a guilty plea in the Circuit Court of Spotsylvania County,

Virginia. On August 18, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with

a supporting brief and exhibits. Parker was given the opportunity to file responsive materials,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a rebuttal brief with

additional exhibits on October 5, 2010. For the reasons that follow, respondent's Motion to Dismiss

will be granted, and Parker's petition will be dismissed.

## I. Background

On June 19, 2006, Parker was indicted for one count of first degree murder after twice

stabbing a sixteen year old at a school dance. Parker v. Commonwealth, R. No. 0256-07-2 (Va. Ct.

App. Aug. 17, 2007), slip op. at 1 (Resp. Ex. A, Sub-Ex. 3).  On October 30, 2006, Parker pleaded

guilty to a reduced charge of second degree murder, and on January 11, 2007, he was sentenced to

forty years incarceration with ten years suspended, for a total active sentence of thirty years. Resp.

Ex. A, Sub-Ex. 2.

Parker took a direct appeal, arguing that: (1) the trial court erred by admitting his writings

into evidence at the sentencing proceeding; and (2) the trial court erred in exceeding the sentencing

guidelines. Resp. Ex. B - C. The petition for appeal was denied in a per curiam order on August 17,

2007. Parker sought further review by a three-judge panel, Resp. Ex. D, but by order dated October

25, 2007, his petition was denied. Resp. Ex. A, Sub-Ex. 4. Parker's petition for appeal to the

Virginia Supreme Court was refused on April 2, 2008. Resp. Ex. A, Sub-Ex. 5; E- F.

On February 26, 2009, Parker timely filed a petition for a state writ of habeas corpus in the

trial court, raising the following claims:

A. Ineffective assistance of counsel where his attorney erroneously advised him to plead guilty.

B. Ineffective assistance of counsel where his attorney failed to attempt to get the charge reduced from first degree murder to second degree murder at a motions hearing.

C. The trial court abused its discretion in ruling on behalf of the Commonwealth.

D. The trial court abused its discretion at the motion in limine.

E. Ineffective assistance of counsel at the hearing on the motion in limine where counsel omitted and failed to proffer germane evidence.

F The trial court failed to comply with Fed. R. Crim. P. 11.

G. Prosecutorial misconduct.

By Final Order entered September 16, 2009, the trial court denied and dismissed Parker's

state habeas application. Specifically, the court found that claims C, D, F and G as listed above were procedurally barred, and that the remainder of the claims were without merit. Resp. Ex. G. Parker appealed that ruling, and on March 25, 2010, the Supreme Court of Virginia refused the petition for appeal without opinion. Parker v. Johnson, R. No. 092130 (Va. Mar. 25, 2010) (Resp. Ex. I).

On April 19, 2010, Parker filed the instant federal habeas petition,[1] reiterating the same claims he made in his state habeas corpus application. Respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed a reply. Based on the pleadings and record before this Court, it is uncontested that Parker exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

Claims C, D, F and G of his petition are procedurally barred from review on the merits. When Parker raised these same claims in his petition for a state writ of habeas corpus, the trial court found that they were procedurally barred in that proceeding because "[a] prisoner is not entitled to

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Parker certified that he placed his petition in the prison mail system on April 19, 2010, Pet. at 15, and the petition was date-stamped as received by the Clerk on April 27, 2010. Pet. at 1.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

3

use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) [cert. denied, 419 U.S. 1108 (1975)]." Parker v. Johnson, supra at 13. Because the circuit court's order was the last reasoned state court decision on the claims, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03; Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

By order dated May 17, 2010, petitioner was given an opportunity to show cause why claims C, D, F and G should not be dismissed as procedurally defaulted. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In his response to the May 17 Order, petitioner argued essentially that the procedural default of claims C, D, F and G was the result of ineffective appellate representation. (Docket # 6). However, as such a claim of ineffective appellate representation has not been presented to and exhausted in the state courts, it cannot serve as cause for the procedural default of additional claims. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). Parker thus has failed to demonstrate cause for excusing his procedural default of claims C, D, F and G, and those claims are procedurally barred from federal consideration.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In his three federally cognizable claims, Parker argues that he received ineffective assistance of trial counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the

7

contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. <u>Beck v. Angelone</u>, 261 F.3d 377, 396 (4th Cir. 2001).

In Claim A, Parker argues that his counsel rendered ineffective assistance by advising him to plead guilty to second degree murder. When Parker raised this same challenge to the effectiveness of his representation in his state application for habeas corpus relief, it was rejected for the following reasons:

> In this rather garrulous claim, petitioner explains why his counsel 'erroneously' advised him to plead guilty to second degree murder. According to petitioner, he was originally indicted on charges of first degree murder. Counsel advised petitioner to plead guilty to second degree murder to receive a reduced sentence. In petitioner's opinion, however, the evidence shows he was guilty of no more than voluntary manslaughter. Thus, petitioner alleges his counsel was ineffective for convincing him to plead guilty to second degree murder - a crime he insists he was not guilty of - instead of taking his case to trial and arguing for a conviction of no more than voluntary manslaughter. This Court finds this claim is without merit and therefore dismissed.

> First, petitioner's claim is dismissed because his plea colloquy belies any notion that he pled guilty to a crime he did not commit.

>> The Court: Do you understand the felony charge of second degree murder and that it carries a range of punishment of five - of not less than five years and no more than forty years in the State penitentiary?

>> Defendant Parker: Yes, Your Honor.

>> The Court: How do you plead, Mr. Parker, to the amended charge of second degree murder?

>> Defendant Parker: Guilty, Your Honor.

>> *   *   *

>> The Court: Have you discussed this charge and its

elements with your attorney so that you understand what the prosecution would have to prove in order to find you guilty of it?

Defendant Parker: Yes, Your Honor.

The Court: Have you had enough time to discuss with Mr. Cosby any possible defenses you may have to the charge?

Defendant Parker: Yes, Your Honor.

The Court: Have you talked with him about whether you should plead guilty or not guilty?

Defendant Parker: Yes, Your Honor.

The Court: Including an Alford plea, did you discuss that with him?

Defendant Parker: Yes, Your Honor.

The Court: After the discussion with your attorney, did you decide for yourself that you would enter an Alford plea of guilty?

Defendant Parker: Yes, Your Honor.

The Court: Are you entering that plea freely and voluntarily?

Defendant Parker: Yes, Your Honor.

\* \* \*

The Court: Are you entirely satisfied with the services of your lawyer?

Defendant Parker: Yes, Your Honor.

\* \* \*

The Court: Now, I've asked you a lot of questions.

> Concerning all that I have asked you, do you still stand
> by your Alford plea of guilty?
>
> Defendant Parker: Yes, Your Honor.
>
> The Court: Do you have any questions of me?
>
> Defendant Parker: No, Your Honor.

(Oct. 30, 2006, Tr. at 6-9, 13, 17-18).

If petitioner sincerely believed he was guilty of an offense other than second degree murder he should have informed this Court and refused to plead guilty. But he did not. This Court finds petitioner's tacit acquiescence is fatal. See Anderson v. Ward, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981) ('[T]he truth and accuracy of representations made by an accused ... will be considered conclusively established by the trial proceedings....').

Second, as counsel notes in his affidavit, the petitioner's actions both before and after the victim's death proved the killing was not voluntary manslaughter.

\* \* \*

Petitioner - for no meritorious reason - brought a knife to a school dance. During the playing of a vulgar rap song, a fight erupted and petitioner was pushed. Although the petitioner did not know the victim, and the victim had done nothing to petitioner, petitioner used his knife to stab the victim to death.

After the dance, petitioner's knife was recovered by the police and the victim's blood was located on the blade. Furthermore, petitioner - the day after the victim was murdered - was overheard singing a rap song in which he boasted of stabbing someone the night before.

These factors - including petitioner's flight from the scene after the stabbing - did not presuppose the absence of malice. Counsel deftly understood this and he realized that under these circumstances a plea to second degree murder was petitioner's 'best option.' This advice was reasonable, understandable, and appropriate. As such, this Court finds petitioner has failed to prove either deficient performance or prejudice and dismisses claim (A). See Strickland, 466 U.S. at 700.

Resp. Ex. G at 6 - 10.

For the reasons which are thoroughly and accurately set out in the foregoing order, the state court's conclusion that counsel's advice to Parker to plead guilty did not amount to ineffective assistance was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Parker has offered no clear and convincing evidence which would call into question his sworn declarations at the plea colloquy that his plea was voluntary and he was satisfied with his lawyer's efforts. Cf. Beck, 261 F.3d at 396. Accordingly, federal habeas corpus relief is not warranted on petitioner's Claim A.

In Claim B, Parker contends that he received ineffective assistance of counsel because his attorney failed to attempt to get Parker's charge reduced from first degree murder to second degree murder at a motions hearing. When Parker made this same argument in his state habeas corpus proceeding, it was rejected on the following holding:

> In this claim petitioner alleges his counsel was ineffective because he did not conduct a preliminary hearing or a motions hearing to prove [sic] the Commonwealth's case. In other words, when counsel convinced petitioner to plead guilty to second degree murder, petitioner argues that counsel lost the ability to prove [sic] the Commonwealth's case against him. According to petitioner, had counsel actually conducted a preliminary hearing or a motions hearing, he would have immediately noticed how weak the Commonwealth's case against the petitioner actually was, and he would have been able to successfully argue that petitioner was only guilty of voluntary manslaughter. Yet because counsel was more concerned with getting petitioner to plead guilty, he lost the ability to mitigate petitioner's guilt, forcing petitioner to plead guilty to a crime he did not commit. The Court finds this claim is without merit and therefore dismissed.
>
> Petitioner's claim presupposes that he had a legitimate defense of voluntary manslaughter. But as previously discussed, petitioner's bellicosity at the dance and his subsequent temerity belie any notion that petitioner was sufficiently provoked to murder the victim. And

11

> this Court finds it would have been foolhardy for counsel to pursue a
> defense that had no basis in law or in fact.
>
> Petitioner's trial record is filled with literally hundreds of pages of trial
> transcripts and motions filed by defense counsel. Those records, and
> counsel's affidavit, clearly evince counsel's thorough understanding
> of petitioner's case. Far from being the product of inattention,
> counsel's advice to plead guilty was well-reasoned and the epitome of
> professional judgment. As such, this Court finds petitioner has failed
> to prove either deficient performance or prejudice and dismisses claim
> (B). See Strickland, 466 U.S. at 700.

Resp. Ex. G at 10 - 11.

For the reasons expressed in the state court's order, its rejection of petitioner's present claim

was neither contrary to clearly established federal law nor based on an unreasonable determination

of the facts, so the same result is compelled here. See Williams, 529 U.S. at 412-13.

In Claim E, Parker charges his attorney with providing ineffective assistance by failing to

proffer germane evidence at a hearing on a motion in limine. The state court found this allegation to

be without merit, as follows:

> In this claim petitioner alleges his trial counsel was ineffective for not
> revealing that three knives and a red box cutter - in addition to the
> murder weapon - were found at the crime scene. According to
> petitioner, had counsel focused on this evidence, he could have
> persuaded the trial court that petitioner acted in 'mutual combat' and
> was only guilty of voluntary manslaughter. This Court finds this claim
> is without merit and therefore dismissed.
>
> Petitioner's claim once again mistakenly presumes that the evidence
> proved he murdered the victim without malice. But the trial records,
> and counsel's affidavit, simply do not reflect this.
>
> Even if other weapons were found at the murder scene, this does not
> absolve petitioner. It was the petitioner who stabbed the victim to
> death even though he did not know him and petitioner had not been
> assaulted by him. It was petitioner's knife that had the victim's blood
> on the blade. It was petitioner who admitted to counsel that had not

12

seen [sic] anyone else on the dance floor with a knife. It was the petitioner who fled the scene of the crime; and it was petitioner who sang about stabbing someone. Although other persons may have brought weapons to the dance, it was ultimately petitioner who fatally - and without any provocation - stabbed the victim.

Because this Court finds petitioner has failed to prove either deficient performance or prejudice, claim (E) is dismissed. See Strickland, 466 U.S. at 700.

Resp. Ex. G at 11 - 12.

Because the state court's rejection of Claim E was based on a reasonable determination of the facts and was not contrary to the controlling federal law upon which it expressly relied, that result may not be disturbed here. See Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed. An appropriate Order shall issue.

Entered this _____9ᵗʰ_____ day of _____February_____ 2011.

_____/s/_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia